**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JONATHAN BRAWNER**                                              **PETITIONER**

**VS.**                          **CASE NO. 5:14CV00204 BSM/HDY**

**RAY HOBBS, Director of the
Arkansas Department of Correction**                  **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge
Brian S. Miller.   Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.   The copy will be furnished to the opposing party.    Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

   1.    Why the record made before the Magistrate Judge is inadequate.

   2.    Why the evidence proffered at the hearing before the District
         Judge  (if such a  hearing is granted)  was not  offered at  the
         hearing before the Magistrate Judge.

   3.    The detail of any testimony desired to be introduced at the
         hearing before the District Judge in the form of an offer of
         proof,  and a copy,  or the original, of any documentary or
         other non-testimonial evidence desired to be introduced at
         the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Jonathan Brawner seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.  Mr. Brawner is currently in the custody of the Arkansas Department of Correction (ADC) as a result of convictions, following a bench trial in Faulkner County Circuit Court, for first degree stalking and violation of a protective order.  Mr. Brawner was sentenced to ten years imprisonment.  On direct appeal, Mr. Brawner raised four claims for relief: (1) insufficient evidence to support his conviction; (2) trial court error in requiring him to register pursuant to Ark. Code Ann. § 12-12-901 *et seq.*; (3) trial court error in failing to credit him for incarceration time prior to the trial and for running his sentences consecutively[1]; and (4) trial court error in admitting evidence of Brawner's paranoid behavior and boasting of having planned and committed previous murders.  The Arkansas Court of Appeals denied relief on grounds one, two, and four, and affirmed the convictions.  *Brawner v. State*, 2013 Ark. App. 413.

The respondent concedes that the present federal habeas corpus petition is timely filed.  He advances the following claims for habeas corpus relief:

1.      Insufficiency of the evidence;

2.      Trial court error in requiring him to register as a sex offender pursuant to Arkansas law; and

---

[1]The Arkansas Court of Appeals granted relief on this claim, directing that the sentences be served concurrently, resulting in the ten year term received by Mr. Brawner.

2

3.      Trial court error in admitting evidence pursuant to Rule 404(b) of the Arkansas Rules

of Evidence.

The respondent contends these grounds are without merit, that grounds two and three are not

cognizable because they raise only state court issues, not constitutional claims, and that ground two

is procedurally barred.  We liberally construe the petition, including grounds two and three, to assert

constitutional claims.  Specifically, we will view these claims as due process challenges to the

rulings made in state court.  Therefore, we decline to dismiss grounds two and three on the basis that

they raise only issues of Arkansas law.  With regard to procedural default, we will also address the

merits of this claim.  In considering this issue, we are guided by the following language of the

Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the
> merits than to go through the studied process required by the procedural default
> doctrine.  Recent commentary points up the problems with the cause and prejudice
> standard:
> [T]he decision tree for habeas review of defaulted claims is intricate and
> costly. . . .  In essence, *Sykes* and *Strickland* require habeas lawyers and
> federal judges and magistrates to work through the equivalent of a law school
> exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective*

*Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)).

We now consider Mr. Brawner's claims for relief[2].

**Insufficient Evidence:** The Arkansas Court of Appeals considered Mr. Brawner's challenge

to the sufficiency of the evidence:

> For his first point on appeal, the appellant challenges the sufficiency of the

---

[2]      In his response (docket entry no 10), Mr. Brawner alleges he is actually innocent of the
crimes.  He raises this assertion not as an independent claim for relief, but as a means to
overcome the procedural bar alleged by the respondent.  Since we are addressing the merits of
the claims, we note only that Mr. Brawner does not satisfy the requirements of *Schlup v. Delo*,
513 U.S. 298, 324 (1995).  Instead of submitting any new reliable evidence to prove his
innocence, he simply reiterates his claims raised at trial, and alleges that he will be able to show
innocence if this Court orders that CIA cell phone records be provided to him.  These allegations
fall far short of the showing envisioned by Schlup, and would not overcome the procedural bar if
that approach had been adopted.

evidence used to convict him of sending the October 23 text message that led to the charges of stalking and for violating the order of protection. Although appellant moved for a directed verdict, the motion was actually a motion to dismiss because it was a bench trial, not a jury trial. Ark. R.Crim. P. 33.1(b); *Turner v. State,* 2010 Ark. App. 214, at 3, 2010 WL 724307. A motion to dismiss, identical to a motion for a directed verdict in a jury trial, is a challenge to the sufficiency of the evidence. *Reed v. State,* 91 Ark.App. 267, 209 S.W.3d 449 (2005). On appeal, evidence is viewed in the light most favorable to the State, and the conviction is affirmed if there is substantial evidence to support the verdict. *Id.* Substantial evidence is evidence that will, with reasonable certainty, compel a conclusion one way or another without resorting to speculation or conjecture. *Id.* It is within the province of the finder of fact to determine the weight of the evidence and the credibility of the witnesses. *Id.*

Arkansas Code Annotated section 5–71–229 (Repl.2005) provides that the offense of stalking is committed by a person who purposely engages in a course of conduct that harasses another person and makes a terroristic threat with the intent of placing that person in imminent fear of death or serious bodily injury or placing that person in imminent fear of the death or serious bodily injury of his or her immediate family and the person does so in contravention of an order of protection consistent with The Domestic Abuse Act of 1991. "Course of conduct" has been defined as a pattern of conduct composed of two or more acts separated by at least thirty-six hours, but occurring within one year. Ark.Code Ann. § 5–71–229(d)(1)(A); *Moses v. State,* 72 Ark.App. 357, 39 S.W.3d 459 (2001).

Arkansas Code Annotated section 5–53–134 (Repl.2005) provides:

(a)(1) A person commits the offense of a violation of an order of protection if:

(A) A circuit court or other court with competent jurisdiction has issued a temporary order of protection or an order of protection against the person pursuant to the Domestic Abuse Act of 1991, § 9–15–101 et seq.;

(B) The person has received actual notice or notice pursuant to the Arkansas Rules of Civil Procedure of a temporary order of protection or an order of protection pursuant to The Domestic Abuse Act of 1991, § 9–15–101 et seq.; and

(C) The person knowingly violates a condition of an order of protection issued pursuant to The Domestic Abuse Act of 1991, § 9–15–101 et seq.

Substantial evidence was presented that appellant sent the text messages to Renea. The content and the timing of the messages connected them to the appellant. During the bench trial, Renea testified that appellant frequently refers to his daughter R.B. by the nickname of "Rea." Renea stated that she asked appellant not to contact her and requested that all communication go through her attorney. However, she testified that appellant contacted her close to one hundred times. She stated, "He would text constantly." Most of the calls or texts would originate from an 870 area-code number, which appellant's father testified was the

4

same number of the phone that he had purchased for him. However, Renea also testified that during their marriage, appellant would carry multiple phones, each with a different number, so that his calls could not be traced.

Renea also testified that appellant was a jealous person and was particularly jealous of a man named Troy, who was a single father and had a son close in age to appellant's oldest daughter. She stated that the children would play together.

Renea also testified that one of the messages she received, the one that stated, "You still have time to change your mind. It's not too late, but time is running out," was within minutes after the appellant was served with the extended order of protection.

She also stated that while appellant was in prison, he would tell her that he was "going to get" everyone that was against him. She said that statement made her believe that appellant sent the text message that asked her which side she was on and asking if they would raise the children together or would he raise them alone. She testified that the message made her believe that if she did not reconcile with him and raise their children together, he would have killed her.

The last message that was sent stated that unless she "reconciled" with him, he would kill Rea, G.B. and H. She said that she had not divorced anyone other than him recently, that there was no one else with whom she could "reconcile," and that the message used the nickname for their daughter that was frequently used by appellant. She stated that she was scared to death of appellant, that she believed he was capable of following through with threats, and that there was no doubt in her mind that he sent the text messages. She also stated that after his arrest, she has  not received any other threatening text messages. She stated that the contexts of the texts were directly related to the conversations that she had with appellant in prison.

Tammaula Lee, appellant's probation officer, testified that she served appellant the extended order of protection and that seven minutes after he signed into her office to receive the order, Renea received the test message stating, "You decided which side you're on. One more decision: Will you raise the girls together or will I raise them alone?"

The court found that while there was no direct evidence that appellant sent the threatening text messages, there was very strong circumstantial evidence that it believed beyond a reasonable doubt pointed to appellant as the person who sent the messages. The court also stated that no other reasonable conclusion existed based on the context of the messages.

For circumstantial evidence to be relied on, it must exclude every other reasonable hypothesis other than the guilt of the accused, or it does not amount to substantial evidence. *Lowry v. State,* 364 Ark. 6, 216 S.W.3d 101 (2005). The question of whether circumstantial evidence excludes every other reasonable hypothesis consistent with innocence is for the factfinder to decide. *Id.* On review, this court must determine whether the fact-finder resorted to speculation and conjecture in reaching the verdict. *Id.*

In the case at bar, testimony was presented that appellant would send Renea

text messages even though she had requested that he communicate with her through her attorney. In the text messages, their daughter was referred to by a nickname used by appellant. The messages also contained references to reconciliation. One text message was sent immediately after he was served the order of protection. The messages would also refer to people in Renea's life of whom the appellant was jealous. We hold that there was substantial evidence from which the circuit court could conclude that the appellant sent the text messages.

*Brawner v. State*, 2013 Ark. App. 413, 2-6.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
. . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Here, the petitioner does not plead or prove that the Arkansas court ruling on the sufficiency of the evidence was contrary to, or involved an unreasonable application of, clearly established federal law. Although the state Supreme Court did not specifically cite federal law, that failure is not problematic as neither the court's reasoning nor result contradicts federal law. *See Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). The applicable federal law requires the

6

court to ask if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) [emphasis in original]. The Arkansas Supreme Court's ruling on sufficiency of the evidence is consistent with, and a reasonable application of the *Jackson v. Virginia* standard.

Mr. Brawner has also not shown that the adjudication of the claim by the state Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The record establishes that there is evidence of Brawner's guilt. The testimony of his ex-wife, along with the numerous text messages, is ample evidence of stalking and violating the protection order. We have thoroughly reviewed the trial record and find the evidence meets and exceeds the requirements of *Jackson v. Virginia*. There is no merit in the petitioner's first claim for relief.

**Trial court error in requiring Brawner to register as a sex offender:** The Arkansas Court of Appeals also considered this argument on direct appeal:

> For his second point on appeal, the appellant contends that the court erred in requiring him to register as a sex offender. He contends that the court did not comment on the issue at the sentencing hearing and that under the statute, for him to be forced to register as a sex offender, he must be convicted of a "sex offense, aggravated sex offense, or sexually violent offense." He argues that neither the content of the text message nor the act of sending the text message can be considered a sex crime.

> Arkansas Code Annotated section 12–12–905, which outlines who must register as a sex offender, states that the registration applies to a person who "[i]s adjudicated guilty on or after August 1, 1997, of a sex offense, aggravated sex offense, or sexually violent offense." Arkansas Code Annotated section 12–12–903(12)(A)(I) *(n)* (Repl.2009) defines a sex offense as including but not limited to stalking when ordered by the sentencing court to register as a sex offender.

> When determining whether the court erred in construing the statute, we review the case de novo. *Wickham v. State,* 2009 Ark. 357, 324 S.W.3d 344. Although the decision of the circuit court is not binding on this court, we will accept its interpretation of the law unless there is a showing that the interpretation was in error. *Fountain v. State,* 103 Ark.App. 15, 285 S.W.3d 706 (2008). Applying the statute to the facts in this case and applying our standard of review, the circuit

7

court specifically found the appellant guilty of stalking and ordered him to
register as a sex offender. The circuit court did not err.

*Brawner v. State*, 2013 Ark. App. 413, 6-7.

As with the first claim, Mr. Brawner must show the state court's decision "was contrary
to, or involved an unreasonable application of, clearly established Federal law, as determined by
the Supreme Court" or the state court's decision "was based on an unreasonable determination of
the facts in light of the evidence presented in the State court."  28 U.S.C. § 2254(d)(1), (2).  As
we have previously noted, we construe this claim as a due process challenge.  The Eighth Circuit
Court of Appeals provides the legal standard for such a challenge:

> In order to establish a denial of due process, the petitioner must prove that
> the asserted error was so gross, *Taylor v. Minnesota*, 466 F.2d 1119, 1121 (8th Cir.
> 1972), *cert. denied*, 410 U.S. 956 (1973), conspicuously prejudicial, *United States
> ex rel. Cannon v. Maroney*, 373 F.2d 908, 910 (3rd Cir. 1967), or otherwise of
> such magnitude that it fatally infected the trial and failed to afford the petitioner
> the fundamental fairness which is the essence of due process.  *Lisenba v.
> California*, 314 U.S. 219 (1941).  In making this determination, the courts must
> review the totality of the facts in the case pending before them and analyze the
> fairness of the particular trial under consideration.

*Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976).  See also *Kennedy v. Kemma*, 666 F.3d 472, 481
(8th Cir. 2012).  Here, Mr. Brawner's argument does not demonstrate an error, much less an error
of constitutional magnitude.  The Arkansas statute allows for the sentencing judge to deem
certain crimes, such as stalking, worthy of sex crime registration.  State courts are the ultimate
expositors of their own state's laws, and federal courts entertaining habeas corpus petitions are
bound by the construction placed on a state's criminal statutes by the courts of that state except in
extreme circumstances.  *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981).  Here, there is no
reason to reject the state court's construction and application of its statutes.  This ruling was not
contrary to federal law, nor was it an unreasonable determination of the facts in light of the
evidence adduced at the bench trial.

**Trial court error in admitting evidence of prior bad acts:** The Arkansas Court of

Appeals rejected the claim that the trial court erred in allowing evidence of prior bad acts of Mr.

Brawner, reasoning as follows:

> Appellant asserts that Renea was improperly allowed to testify that he was a very jealous person, that he tried to distance her from family and friends, that he killed a high-school friend, that he planned a kidnapping and a murder, that he had been part of a drug deal, and that he had buried a dead body. He states that these acts occurred long before the alleged acts in this case took place. He contends that because the State did not have any evidence directly linking him to the text message that was sent from a number not traced to him, it resorted to a character assassination to prove its case, which is what Rule 404(b) prohibits. He contends that it was not harmless error to allow the evidence in because, without it, no evidence exists that he would ever try to harm his ex-wife and children.

> Arkansas Rule of Evidence 404 provides:

> *(a) Character Evidence Generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

> ....

> *(b) Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

> For evidence to be admissible under this rule, it must have independent relevance. *See Morris v. State,* 367 Ark. 406, 240 S.W.3d 593 (2006).

> The admission or rejection of evidence under this rule is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Tate v. State,* 367 Ark. 576, 242 S.W.3d 254 (2006). The list of exceptions set out in the rule is exemplary and not exhaustive. *Id.* Testimony is admissible pursuant to Rule 404(b) if it is independently relevant to the main issue, relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal or a bad person. *Id.*

> In *Tate,* appellant was convicted of first-degree murder. Evidence was admitted that prior to the killing, the appellant had approached a witness, asked if she was scared of him and then discharged a gun, which was determined to be the murder weapon, in a couch near her foot. He objected to her testimony. The court allowed it and he appealed. Our supreme court held the evidence that Tate intentionally fired the gun to be relevant to show his intent to commit murder. *Tate,* 367 Ark. at 580, 242 S.W.3d at 259.

As we have said in *Morris, supra,* any circumstance that ties a defendant to the crime or raises a possible motive for the crime is independently relevant and admissible. In the case at bar, evidence of the crimes showed that appellant's ex-wife had a rational, legitimate fear of her ex-husband. The crime of stalking contains elements of harassing another person and making a terroristic threat with the intent of placing that person in imminent fear of death or serious bodily injury or placing that person in imminent fear of death or serious bodily injury of his or her immediate family and the person. The testimony concerning his bad acts were admissible to show his motive, intent, and plan for carrying out the threats made against his ex-wife.

We find this evidence of his prior bad acts to be independently relevant to show that appellant's ex-wife had a legitimate, imminent fear for herself and her family of death or serious bodily injury. Her testimony that appellant had conveyed to her that he had planned a kidnapping, had murdered his best friend in high school, and had buried a body shows that she would be in imminent fear after receiving the texts. That testimony concerning his character showed that his ex-wife had a legitimate fear after receiving the threatening text messages. Here the evidence was not used to prove his character and that he acted in conformity therewith, but rather to show that Renea was fearful of him, and that he had a motive and intent for threatening her and, further, that he would carry out the threats.

*Brawner v. State*, 2013 Ark. App. 413, 8-10.

As with ground two, we construe this as an assertion that the trial court's ruling was so egregious that it deprived the petitioner his right to due process.  Similarly, it is the petitioner's burden to show that the decision of the Arkansas courts was contrary to, or involved an unreasonable application of, clearly established Federal law or the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court.

Mr. Brawner's assertion of a violation of due process is without merit.  Having reviewed the trial transcript, we find no error in the admission of this evidence.  It follows that no constitutional rights were offended when the trial judge ruled as he did.  There is no merit to this claim.

In summary, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied, as there is no merit to grounds one through four, and ground five is not before this Court because of its procedural bar.

10

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this _1__ day of August, 2014.

_____

UNITED STATES MAGISTRATE JUDGE